## AUTOMOBILE HOSPITAL CO v GRISSOM et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9868.  Decided October 7, 1929

Mr. S. J. Friedman, Esq., Cleveland, for Auto Hosp Co.

Messrs. Hole, Jeremiah & Jewitt, Grossman & Grossman, C. W. Swartzel, Esq., and Ford, Taylor & Hasselman, all of Cleveland, for Grissom et.

VICKERY, PJ.

Now the statement of facts submitted to the court in this case shows that when Grissom bought this land and gave his note for the full amount of the purchase price, Mrs. Grissom also signed this note. Subsequently this note was put in judgment and a levy was made upon her land. Now under the admissions of counsel for Mr. Buehler, we do not see how the judgment of the Common Pleas Court could have been rendered. We also think another equitable principle might be invoked, for even if the vendor's lien existed, the vendor having additional security, the equitable doctrine would be invoked that where one party, the plaintiff in this action, has but one security, to-wit, the security of the land in question and the vendor has two securities,—the vendor's lien, if he had not waived it and the additional security of the wife of the vendee,—that he would be compelled to exhaust the wife's property before he could resort to the property upon which the plaintiff had secured its lien, but under the frank admissions of counsel in this case that principle is not necessary to be invoked. It is admitted in this court or proven that Buehler did not rely upon his vendor's lien; that he took additional security, that is, the signature of the wife of the vendee, and the attorney representing Buehler admits that that destroys the vendor's lien.

Under those circumstances we think that a proper judgment in this case should be: The first and best lien upon this property, or the funds realized from its sale, is the plaintiff's judgment; the second is Buehler's for the unpaid portion of the purchase price; and the third, The Union Trust Company's mortgage, after satisfying two prior small lienholders. A journal entry may be drawn to this effect.

Decree, order see journal.

Sullivan and Levine, JJ, concur.